**DECLARATION OF PABLO PRIETO**

I, Pablo Prieto, do hereby declare and state the following:

1. I am employed by the Federal Bureau of Prisons ("BOP") as a Correctional Counselor for the Federal Correctional Complex in Victorville, California ("FCC Victorville"). I have been employed by the BOP since 2002. I have held the position of Correctional Counselor since 2007. My duties include the supervision and management of inmates assigned to my caseload. I provide counseling and guidance for the inmates within the Unit in areas of institutional adjustment, personal difficulties, and plans for the future. An inmate's Unit Team consists of a Unit Manager, Case Manager, and Correctional Counselor. We are responsible for the security, safety, and sanitation of the Unit. If called as a witness, I could and would competently testify thereto.

2. I have access to the BOP database known as SENTRY and inmate Central Files. SENTRY includes many types of records, including sentencing information, location history, housing information, and the administrative remedies filed by federal inmates and processed by BOP staff. I base this declaration on my own personal knowledge and the information contained in the BOP databases, which in my experience are regularly maintained and reliable.

3. I have reviewed the Complaint in *Raynard Davis v. BOP, et al*, Case No. 5:21-cv-01475-CAS-SK. I have also been asked to review certain documents within BOP databases regarding Mr. Raynard Davis, Register Number 40688-007 ("Plaintiff"), including SENTRY reports.

4. One SENTRY report, entitled "Public Information Inmate Data," provides a synopsis of all information that may be freely released to the public regarding an inmate. Attached hereto as **Exhibit A** is a true and correct copy of the SENTRY report of Public Information Inmate Data regarding Plaintiff, generated on September 19, 2022. This report reflects:

  a. On August 19, 2008, Plaintiff was sentenced by the Superior Court for the District of Columbia in two separate cases: 1) to 36 months of imprisonment

1

1  in Case No. 2007-CF3-20828, for assault with a dangerous weapon, and 2) 200 months of imprisonment in Case No. 2008-CF3-696, for first degree sexual abuse and possession of a firearm during a crime of violence. He is currently serving an aggregate sentence of 236 months. Ex. A at 2-4.

    b. Plaintiff is currently housed at the United States Penitentiary in Beaumont, Texas ("USP Beaumont"). Ex. A at 1 ("RESP OF: BMP").

    c. Plaintiff's current projected release date is January 16, 2027, assuming he earns all remaining available good conduct time credit. Ex. A at 1 ("PROJ REL DT: 01-16-2027").

5. SENTRY also maintains a synopsis of all admission and release information for federal inmates in a document entitled "Inmate History, Adm-Rel." Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's Inmate History, Adm-Rel, generated on September 19, 2022. This report shows that Plaintiff was housed at the United States Penitentiary in Victorville, California ("USP Victorville") from April 5, 2019 to November 12, 2020.

6. At the time of his arrival at USP Victorville on April 5, 2019, Plaintiff acknowledged receiving the institution's Inmate Handbook, also referred to as an "Admission and Orientation ("A&O") Booklet." Attached as **Exhibit C** is a true and correct redacted copy of Plaintiff's "Intake Screening Form," which shows that Plaintiff acknowledged receipt of his handbook defining his "Rights and Responsibilities" on April 5, 2019 at USP Victorville.

7. Attached as **Exhibit D** is a true and correct copy of Plaintiff's "Institution Admission and Orientation Program Checklist," which shows that Plaintiff acknowledged receipt of the *Administrative Remedy Program*. Ex. C, line 22. The *Administrative Remedy Program* is also available at all times in the law library.

8. Each inmate committed or transferred to a BOP institution is required to participate in the Bureau's mandatory A & O Program. Attached hereto as **Exhibit E** is a

true and correct copy of the Unit Admission and Orientation Program Checklist acknowledging Plaintiff received "Administrative Remedy" training on April 7, 2019.

9. During the program, inmates learn about the various aspects of the institution, including the BOP administrative remedies program. Orientation is conducted by an inmate's unit manager, case manager, and counselor.

10. The Federal Bureau of Prisons ("BOP") has a four-tiered administrative remedy process for inmates challenging issues related to their imprisonment. 28 C.F.R. §§ 542.10-542.19. First, the inmate can seek informal resolution of the issue of concern at his institution of confinement by presenting a BP-8 form to his correctional counselor or other unit team member. 28 C.F.R. § 542.13. When seeking informal resolution of any issue, staff shall attempt to resolve the issue before an inmate submits a Request for Administrative Remedy by directing the issue to the appropriate staff and department. Typically, attempts at informal resolution should be completed within five working days, with the exception of medical, sensitive, or problematic issues. If that fails, the inmate must file a formal request with the Warden (via a BP-9 form). 28 C.F.R. § 542.14. "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." *Id.* If the Warden denies a remedy, the inmate may then appeal first to the Regional Director, within 20 days of receiving the Warden's response (via a BP-10 form), and then to the General Counsel in Washington, D.C., (via a BP-11 form). 28 C.F.R. § 542.15. Pursuant to 28 C.F.R. § 542.15(a), an "[a]ppeal to the General Counsel is the final administrative appeal." Thus, the administrative process is not complete until the Office of the General Counsel ("OGC") replies, on the merits, to the inmate's appeal, or if the response by OGC is not forthcoming within the time allotted for reply. *See* 28 C.F.R. § 542.18.

11. Whether the BOP accepts or rejects a remedy, each remedy is assigned a six-digit number, followed by a suffix that distinguishes it as BP-9, BP-10, or BP-11. The suffix –F1 identifies the BP-9 level, while the suffix –R1 identifies the BP-10 level and

1  the suffix –A1 identifies the BP-11 level.  If an inmate chooses to refile multiple times at any level, *e.g.*, three times at the R level, the appeal will have a -R1, -R2 and –R3 version. "EVT FACL" is an abbreviation for Event Facility, which identifies the facility where the inmate was housed at the time the event complained about occurred.  "RCV OFC" is an abbreviation for Receiving Office and identifies which facility or office received the administrative remedy submission.  "FACL RCV" is an abbreviation for Facility Received, which indicates the facility in which the inmate was housed when the submission was received.  The "ABSTRACT" is a short description of the inmate's Second Amended Complaint.

12.   An inmate's administrative remedy request or appeal that is accepted for response is considered filed on the date it is logged into the SENTRY administrative remedy index.  28 C.F.R. § 542.18.  When a remedy request or appeal is logged into SENTRY, a receipt is generated from the SENTRY program.  Those receipts are delivered to the inmates by the Associate Warden's Secretary.

13.   A SENTRY report, entitled "Administrative Remedy Generalized Retrieval," provides a synopsis of all administrative remedies submitted by an inmate.  In reviewing Plaintiff's SENTRY Administrative Remedy Generalized Retrieval report, Plaintiff submitted a total of twenty-five (25) administrative remedy requests or appeals while in BOP custody.  *Id.*

14.   I reviewed Plaintiff's SENTRY report and saw that only seven administrative remedies were submitted by Plaintiff after October 2019.  The first was submitted on February 5, 2020.  Only six of these identify VIP (the code for USP Victorville) as the event facility.  In Plaintiff's first four administrative remedy submissions while at USP Victorville, Plaintiff requests protective custody because of threats made to Plaintiff by members of the institution's general population.  The final two USP Victorville administrative remedies identify dental care requests as the subject of the submission.  *Id.* at 12-13.

15. Plaintiff claims that he was refused access to administrative remedies regarding the incidents alleged in his Complaint. I did not obstruct Plaintiff's access to the administrative remedy process. At no point did I deny Plaintiff access to administrative remedy forms, nor did I retaliate against him in any way. I have never refused to provide Plaintiff with any administrative remedy form or destroyed any administrative remedy request of Plaintiff's. Inmates who wish to initiate the administrative remedy process do so by requesting an administrative remedy form from their unit team. When inmates request administrative remedy forms, we attempt to informally resolve the grievance by speaking with the inmate. If the inmate refuses staff attempts to informally resolve the grievance or if the inmate is dissatisfied with the outcome of the informal resolution, the inmate's Correctional Counselor will provide the inmate with the administrative remedy forms. I have never observed any fellow unit team staff refusing to provide Plaintiff with administrative remedy forms or destroy any administrative remedy request of Plaintiff's.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 23 day of September 2022, at Victorville, California.

Pablo Prieto
Correctional Counselor
FCC Victorville

**20**   **Decl. of Pablo Prieto**