# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD DAVIS,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS et al.,<br><br>                Defendants. | Case No. 5:21-cv-1475-CAS (SK)<br><br>**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' PARTIAL MOTION TO DISMISS** |

      Plaintiff Raynard Davis is a convicted inmate in the custody of the Federal Bureau of Prisons ("BOP"). Claiming that he was unlawfully assaulted and subjected to unwanted surgery by BOP employees from Victorville penitentiary in violation of the Eighth Amendment, Plaintiff seeks monetary damages from two named BOP employees—Defendants Martini and Gomez—under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also sues the BOP (and Victorville Medical Department) for his alleged assault and unauthorized surgery under the Federal Tort Claims Act (FTCA). Appearing on behalf of the named defendants, the United States moves to dismiss Plaintiff's Eighth Amendment claims against the BOP officers for lack of a *Bivens* remedy. (ECF 46 at 15-21). The United States does not, however, seek to dismiss Plaintiff's FTCA claims. (ECF 51 at 2).

      The Court recommends that Plaintiff's claims under *Bivens* be dismissed without leave to amend for the reasons stated in the government's partial motion to dismiss. *See* 28 U.S.C. § 636(c); G.O. 05-07. If that recommendation is adopted, the government should be ordered to answer Plaintiff's FTCA claims within 21 days of the order adopting that recommendation.

Construed liberally, Plaintiff's complaint alleges that Defendant Martini used excessive force during a physical assault and that Defendant Gomez performed an unauthorized surgical procedure—both in violation of the Eighth Amendment.[1]  (ECF 1 at 10; ECF 46 at 18-19).  But Plaintiff's claim against Defendant Martini cannot proceed under *Bivens* because the Supreme Court has never implied a *Bivens* remedy under the Eighth Amendment for excessive force (or related conduct) by federal prison officials.  See *Hernandez v. Mesa*, 140 S. Ct. 735, 743-44 (2020); *Williams v. Baker*, 487 F. Supp. 3d 918, 922-23 (E.D. Cal. 2020).  And while the Supreme Court has implied a *Bivens* remedy for constitutionally inadequate medical care under the Eighth Amendment in *Carlson v. Green*, 446 U.S. 14 (1980), Plaintiff's Eighth Amendment claim against Defendant Gomez presents a "new context" and no "special factors" justify extending *Carlson* to this case.[2]  *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022).

"A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."  *Hernandez,* 140 S. Ct. at 743.  A context is new if it is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]."  *Id.*  Plaintiff's allegations against Defendant Gomez are "demonstrably different in kind and severity from that of *Carlson*."

---

[1] Neither the BOP nor Victorville Medical Department may be named in a *Bivens* suit.  As agencies of the federal government, they are—no less than the United States itself—immune from civil suit under the Eleventh Amendment (absent waivers not applicable here).  See *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Similarly, none of the individual defendants may be sued in their official capacities.  Official-capacity suits against federal officers amount to "pleading an action against the United States, which would be barred by the doctrine of sovereign immunity."  *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1127 (9th Cir. 2019).

[2] Construing Plaintiff's claim against Defendant Gomez as an Eighth Amendment claim is a generous interpretation to begin with.  As stated in his complaint, Plaintiff appears to be alleging medical malpractice only.  (ECF 1 at 10).  But negligence claims are, of course, not actionable under *Bivens* at all.  See *O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir. 1989).

*Martinez v. United States Bureau of Prisons*, 2019 WL 5432052, at *8 (C.D. Cal. Aug. 20, 2019), *adopted by*, 2019 WL 5424414 (C.D. Cal. Oct. 22, 2019), *aff'd*, 830 F. App'x 234 (9th Cir. 2020). In *Carlson*, a prisoner with known chronic asthma died after a nonlicensed nurse failed to follow a physician's orders, left him alone while he suffered an asthma attack, administered a drug that made the prisoner's condition worse, and failed to use emergency equipment. *See Green v. Carlson*, 581 F.2d 669, 671 (7th Cir. 1978), *aff'd*, 446 U.S. 14 (1980). At bottom, *Carlson* involved the failure to provide constitutionally adequate medical care. By contrast, Plaintiff alleges that Defendant Gomez, a "nurse/PA," "drilled a hole in [his] leg" for no reason. (ECF 1 at 10). As best the Court can tell, Plaintiff is alleging that Defendant Gomez (intentionally or negligently) performed unwanted or unnecessary surgery of some sort on his leg, possibly after his alleged assault by Defendant Martini. Plaintiff's case and the facts in *Carlson* do not present even "parallel circumstances." *Egbert*, 142 S. Ct. at 1809. There are many meaningful differences from *Carlson* that place Plaintiff's claim against Defendant Gomez in a new Eighth Amendment context. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017).

Moreover, neither of Plaintiff's Eighth Amendment claims against the individual defendants can be pursued through *Bivens* if there are "special factors" suggesting that federal courts are "at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1803. That is because "expanding the *Bivens* remedy" beyond the three limited historical cases that have implied it—including *Carlson*—is a "'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857. "At bottom, creating a cause of action is a legislative endeavor." *Egbert*, 142 S. Ct. at 1802-03. So "[i]f there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens*

remedy." *Id.* at 1803. Here, there are as many as two.

First, the BOP provides prisoners with a four-tiered administrative review process to raise grievances and complaints against prison officials. *See Luis Buenrostro v. Fajardo*, 770 F. App'x 807, 808 (9th Cir. 2019). It does not matter for *Bivens* how effective that administrative grievance process is. *See Egbert*, 142 S. Ct. at 1806. "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are 'not as effective as an individual damages remedy.'" *Id.* at 1807.

Second, the availability of an FTCA action against the United States for the intentional or negligent torts of its federal employees is another "special factor" counseling against the expansion of a *Bivens* remedy in this new context. *See Schwarz v. Meinberg*, 761 F. App'x 732, 734-35 (9th Cir. 2019). That is all the more so here, given that the United States does not seek to dismiss Plaintiff's claims to the extent that they seek monetary relief under the FTCA for alleged common law torts (like assault, battery, or negligence) committed by BOP officers. (ECF 51 at 2).

For all these reasons, the Court recommends that Plaintiff's Eighth Amendment claims under *Bivens* be dismissed.[3] Leave to amend the *Bivens* claims (whether against the named or unnamed BOP officers) should be denied as futile because Plaintiff can allege no facts—nor name any new

---

[3] Plaintiff alludes in passing to the Fifth and Fourteenth Amendments in his complaint. (ECF 1 at 10). But as a federal prisoner, Plaintiff cannot allege a Fourteenth Amendment claim. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005); *Hunt v. Matevousian*, 336 F. Supp. 3d 1159, 1168-69 (E.D. Cal. 2018). And just asserting that federal officials violated his rights under the Fifth Amendment is too conclusory to survive a motion to dismiss. *See Branch v. Umphenour*, 851 F. App'x 732, 733 (9th Cir. 2021).

officers—that would permit him to sue under *Bivens* for his alleged Eighth Amendment violations.[4]  *See Garmon v. County of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

Plaintiff may then proceed, however, with his unopposed FTCA claims against the United States.  *See* 28 U.S.C. § 1346(b)(1).  Generally, "the United States is the only proper party defendant in an FTCA action." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).  But even though it has not been formally named, the United States is appearing here on behalf of the BOP and, importantly, does not move to dismiss Plaintiff's FTCA claims against the BOP for this pleading error (which Plaintiff would be permitted to correct anyway with leave to amend).  Thus, in the interests of justice and judicial economy, the Court instructs the clerk to substitute the United States in place of the BOP and Victorville Medical Department as the sole and proper named defendant in Plaintiff's FTCA action.  So substituted, the United States may be ordered to answer within 21 days of an order adopting the Court's recommendation to dismiss the *Bivens* claims.

DATED: December 8, 2022

_____
STEVE KIM
United States Magistrate Judge

---

[4] Because of the recommended disposition, the Court need not address Defendants' alternative ground for dismissal of the *Bivens* action based on lack of administrative exhaustion.  (ECF 46 at 13-15).  Nor does the Court need to rely on improper service as a separate basis to dismiss Defendant Gomez from the *Bivens* suit.  (*Id.* at 21-22).