E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
RAHUL HARI (Cal. Bar No. 313528)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2420
    Facsimile: (213) 894-7819
    E-mail: Rahul.Hari@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant. | No. 5:21-cv-01475-CAS-SK<br><br>**UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Hon. Christina A. Snyder<br>United States District Judge<br><br>Hon. Steve Kim<br>United States Magistrate Judge |

# DEFENDANT UNITED STATES OF AMERICA'S ANSWER

COMES NOW Defendant United States of America, by its undersigned attorneys, and answers Plaintiff's Complaint ("Complaint") [Dkt. No. 1] as follows:

## I. PLAINTIFF INFORMATION[1]

Answering Paragraph A, Defendant admits that Plaintiff was housed at the United States Penitentiary in Florence, Colorado ("USP Florence") at the time the Complaint was filed. Defendant admits that Plaintiff was convicted and sentenced in the District of Columbia.

## II. INTRODUCTION

The paragraph entitled "INTRODUCTION" contains Plaintiff's characterization of his Complaint and legal conclusions, to which no response is necessary. To the extent a response is deemed necessary, Defendant denies all allegations in this paragraph.

## III. JURISDICTION

The Court's January 24, 2023 Order [Dkt. No. 54] dismissed Plaintiff's *Bivens* claims. No response is required to this section of Plaintiff's Complaint. To the extent a response is required, Defendant admits that the alleged actions at issue occurred within the Central District of California and that jurisdiction and venue are proper.

## IV. PARTIES

1. Defendant admits that Plaintiff was previously housed at the United States Penitentiary in Florence, Colorado ("USP Florence") at the time the Complaint was filed and was previously housed at the Federal Correctional Complex in Victorville, California ("FCC Victorville"), which consists of the United States Penitentiary and two Federal Correctional Institutions, from April 5, 2019 to November 12, 2020.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1

1      2.      Defendant admits that the Unites States has been named in the Complaint. The Court's January 24, 2023 Order [Dkt. No. 54] dismissed Plaintiff's *Bivens* claims. As such, all defendants other than the United States have been dismissed from this action.

    3.      Defendant admits that the Unites States has been named in the Complaint. The Court's January 24, 2023 Order [Dkt. No. 54] dismissed Plaintiff's *Bivens* claims. As such, all defendants other than the United States have been dismissed from this action.

    4.      Defendant admits that the Unites States has been named in the Complaint. The Court's January 24, 2023 Order [Dkt. No. 54] dismissed Plaintiff's *Bivens* claims. As such, all defendants other than the United States have been dismissed from this action.

    5.      Defendant admits that the Unites States has been named in the Complaint. The Court's January 24, 2023 Order [Dkt. No. 54] dismissed Plaintiff's *Bivens* claims. As such, all defendants other than the United States have been dismissed from this action.

    6.      Defendant admits that the Unites States has been named in the Complaint. The Court's January 24, 2023 Order [Dkt. No. 54] dismissed Plaintiff's *Bivens* claims. As such, all defendants other than the United States have been dismissed from this action.

    7.      Defendant admits that the Unites States has been named in the Complaint. The Court's January 24, 2023 Order [Dkt. No. 54] dismissed Plaintiff's *Bivens* claims. As such, all defendants other than the United States have been dismissed from this action.

## V.     ADMINISTRATIVE REMEDIES

    8.      Defendant denies the allegations in this paragraph and further denies that Plaintiff exhausted his administrative remedies regarding the issues alleged in the Complaint. Defendant further avers that Plaintiff submitted administrative remedies while housed at FCC Victorville, and that none of those administrative remedies deal with the claims at issue in the Complaint.

## VI.     STATEMENT OF CLAIMS/FACTUAL ALLEGATIONS

    9.      Defendant denies the allegations contained in paragraph 9.

    10.     Defendant denies the allegations contained in paragraph 10.

    11.     Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12 and all of its subparts.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15 and all of its subparts.

16. Defendant denies the allegations contained in paragraph 16 and all of its subparts.

## VII.   REQUEST FOR RELIEF/CLAIMS FOR RELIEF

1. Paragraph 1 contains legal conclusions to which no response is necessary. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

2. Paragraph 2 contains legal conclusions to which no response is necessary. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

3. Paragraph 3 contains legal conclusions to which no response is necessary. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

4. Paragraph 4 contains legal conclusions to which no response is necessary. Further, the Court dismissed the *Bivens* allegations against all individual defendants from the Complaint. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

5. Paragraph 5 contains legal conclusions to which no response is necessary. Further, the Court dismissed the *Bivens* allegations against all individual defendants from the Complaint. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

6. Paragraph 6 contains legal conclusions to which no response is necessary. Further, the Court dismissed the *Bivens* allegations against all individual defendants from

the Complaint. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

## VIII. RELIEF

This Paragraph contains Plaintiff's request for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

## IX. GENERAL DENIAL

Defendant hereby denies generally and specifically each and every allegation contained in Plaintiff's Complaint that has not been previously admitted or denied or otherwise qualified.

## AFFIRMATIVE DEFENSES

1. To the extent that the Complaint fails to state a claim upon which relief may be granted, Plaintiff may not prevail.

2. Plaintiff is barred from bringing any claim for which he did not timely file a formal administrative complaint within the statute of limitations set forth in the regulations or otherwise complying with the applicable statute of limitations.

3. Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

4. Defendant did not fail to discharge any duty owed to Plaintiff.

5. Plaintiff's negligence was the sole and proximate cause of the injuries, damages, and losses alleged in the Complaint.

6. Plaintiff was comparatively negligent and proximately caused or contributed to the injuries, damages, and losses alleged in the Complaint.

7. Plaintiff's injuries, losses and/or damages, if any, must be apportioned to the extent caused in whole or in part by the negligent or wrongful acts or omissions of Plaintiff, and/or other parties at fault.

8. Plaintiff's recovery, if any, for special damages arising from or related to medical costs are limited to only the reasonable amount of such damages.

9. Plaintiff's recovery, if any, must be reduced to the extent Plaintiff failed to mitigate his damages.

10. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest.

11. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against Defendant United States in excess of that set forth in his claim presented to the Bureau of Prisons.

12. Plaintiff is limited to the legal theories and type of damages presented in his administrative claim.

13. Plaintiff cannot recover a separate award of attorney's fees in this civil action pursuant to the Federal Tort Claims Act. 28 USC § 2678.

14. Plaintiff's losses and damages, if any, must be offset to the extent Plaintiff's losses have been paid or may be eligible for payment by Defendant or others.

15. Any fault of Defendant, which fault is denied, is not the cause in fact or proximate cause of the alleged damages suffered by Plaintiff.

16. Plaintiff's claims are barred, and the Court lacks subject matter jurisdiction, to the extent the claims arise from the acts or omissions of persons who are not federal employees acting within the scope of their federal employment.

17. Plaintiff is not entitled to a trial by jury with respect to his claims against the United States. 28 U.S.C. § 2402.

18. Plaintiff's claims are barred to the extent he seeks to collaterally attack administrative processes.

19. Defendant may have additional defenses that are not known to Defendant at this time, but may be ascertained in discovery and/or through further investigation. Defendant specifically preserves these and other affirmative defenses, under Federal Rule of Civil Procedure 12 or otherwise, and reserves the right to assert them as they are ascertained.

WHEREFORE, Defendant United States prays:

(1) That Plaintiff's Complaint and each cause of action contained therein be dismissed with prejudice;

(2) That Plaintiff take nothing by his Complaint in this action;

(3) That Defendant be awarded its costs incurred herein; and,

(4) That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Dated: February 15, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


 /s/ Rahul Hari
RAHUL HARI
Assistant United States Attorney

Attorneys for Defendant
United States of America