E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
RAHUL R.A. HARI (Cal. Bar No. 313528)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2420
    E-mail: Rahul.Hari@usdoj.gov

Attorneys for Defendant
United States of America

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| RAYNARD DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 5:21-cv-01475-CAS-SK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ISAAC GOMEZ; DECLARATION OF JACOB MARTINI; AND DECLARATION OF RAHUL R.A. HARI**<br><br>[No Hearing Requested – Plaintiff is *pro se* and in custody]<br><br>Honorable Steve Kim<br>United States Magistrate Judge |

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that Defendant United States of America hereby moves this Court for an order granting summary judgment in its favor. This motion will be made before the Honorable Steve Kim, United States Magistrate Judge, in the Roybal Federal Building and Courthouse located at 255 East Temple Street, Los Angeles, CA 90012.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, [Proposed] Statement of Uncontroverted Facts and Conclusions of Law, Declaration of Isaac Gomez, Declaration of Jacob Martini, Declaration of Rahul R.A. Hari, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at any hearing of this motion.

The parties are exempt from compliance with Local Rule 7-3 because Plaintiff is *pro se*, is not an attorney, and is an inmate in federal custody. *See* L.R. 7-3 and 16-12(c).

Dated: August 16, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

   */s/ Rahul R.A. Hari*
RAHUL R.A. HARI
Assistant United States Attorney

Attorneys for Defendant
United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

*Pro se* Plaintiff Raynard Davis brings this action against Defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. Plaintiff asserts two allegations in his Complaint: (1) that BOP officers assaulted him until he became unconscious, and (2) that a BOP nurse committed medical malpractice by drilling a hole into his leg when it was not medically necessary.

Both claims fail on summary judgment. *First*, Plaintiff's conclusory and self-serving allegations are unsubstantiated by any evidence outside his own testimony and are therefore insufficient to allow his Complaint to survive Summary Judgment. *Second*, Plaintiff's medical malpractice claim is not supported by expert testimony. Under California law, to establish a claim of medical malpractice, a Plaintiff must rely on expert testimony to establish negligence (*i.e.*, breach of an applicable medical standard of care) and causation. Because Plaintiff has not disclosed a medical expert who states that the United States either breached a duty owed to him, or that such a breach caused his alleged injuries (indeed, that he even sustained injuries), he cannot meet his burden of proof.

For these separate reasons, summary judgment should be granted in favor of Defendant United States.

## II. STATEMENT OF FACTS

Plaintiff Raynard Davis is an inmate at the United States Penitentiary ("USP") in Beaumont, Texas. [UF1]. Plaintiff is projected to be released from United States custody on January 16, 2027, via Good Conduct Time release. [UF2]. From April 5, 2019 to November 12, 2020, Plaintiff was incarcerated at USP Victorville in Victorville, California. [UF3]. During that period, Plaintiff was housed in the Special Housing Unit ("SHU"). [UF4].

Plaintiff alleges that on October 18, 2019, that BOP staff removed him from a suicide watch cell and escorted him to a camera blind spot before assaulting him. Compl. (Dkt. No. 1) at 2. Plaintiff further alleges that he woke up in the BOP medical unit to a

BOP nurse "drilling a hole" in his leg. Compl. at 4. Plaintiff alleges there was no medical reason to drill a hole in his leg and that the actions of BOP staff constitute medical malpractice. *Id.*

### A. Plaintiff's Suicide Attempt and Seizure.

Records do not reflect that any event similar to the one Plaintiff Davis alleges occurred on October 18, 2019. Plaintiff's records show that he was placed on suicide watch on September 27, 2019. [UF5]. Plaintiff's administrative FTCA claim confirms the alleged event occurred on September 27, 2019. Hari Decl. Ex. 4 at 1. Plaintiff admits that he is suicidal and has attempted suicide by overdose and would self-harm by banging his head against the cell walls or bars. Hari Decl. Ex. 1 at 20:25-21:20. While on suicide watch on September 27, 2019, Plaintiff exhibited this behavior and began repeatedly banging his head against the wall. [UF7]. When BOP staff instructed Plaintiff to stop, he continued beating his head against the wall. [UF9]. BOP staff warned Plaintiff that if he did not comply, they would be forced to pepper spray him for his own safety. *Id.* Plaintiff admits in his complaint that BOP staff warned him that if he did not comply, they would pepper spray him. Compl. at 2. Plaintiff also admits that he told BOP staff "You can do what you want. I don't care". *Id.* Plaintiff did not comply with the request and BOP staff pepper sprayed him to prevent him from inflicting further self-harm. [UF11].

When an inmate is pepper sprayed, BOP policy dictates that they must be escorted to the showers so that the inmate could wash the pepper spray from their face and body. Martini Decl ¶21. Plaintiff was escorted by BOP staff to the SHU showers so that he could rinse off any residue. [UF12].

Plaintiff self-reports that he has a history of seizures as a result of a childhood injury. [UF13-14]; Hari Decl. Ex. 1 at 13:1-17; 13:25-14:17. Medical records support that Plaintiff suffers from epilepsy/seizure disorder. [UF15]; Hari Decl. Ex. 3 at 3. While Plaintiff was in the SHU showers after being pepper-sprayed, he suffered a seizure and fell unconscious. [UF16-17]. Medical records indicate that in 2020, Plaintiff admitted to BOP doctors that this 2019 seizure was in response to "a head injury." Hari Decl. Ex. 3

at 1. The same record indicates that Plaintiff reported that he was "fuzzy on the specifics" when it came to details around the seizure. *Id.* In response to the seizure, BOP staff declared a medical emergency and Plaintiff was taken to the medical unit on a gurney. [UF18-19].

In his Complaint, Plaintiff alleges that he was already in a suicide watch cell when BOP staff sprayed him with pepper spray. Compl. at 2. At the administrative level, Plaintiff alleged that he was sprayed with "OC/Mace" *while* BOP staff were escorting him to the medical unit. Hari Decl. Ex. 4 at 1. In his Complaint, Plaintiff alleges that BOP staff escorted him to the showers because there are no cameras present in the showers, creating a blind spot where they could assault him without repercussions. Compl. at 2. This again contradicts Plaintiff's allegations at the administrative level where he alleged that a BOP employee, a Lieutenant Hoffman "removed the camera/video" from the showers. Hari Decl. Ex. 4 at 1.

### B. Plaintiff's Medical Care.

BOP Health Technician/Paramedic Isaac Gomez was on duty in the medical unit when Plaintiff was admitted following his loss of consciousness. [UF19]. Mr. Gomez is a veteran paramedic who, at the time, had over fifteen years of experience as a paramedic for LA County Fire and BOP. Gomez Decl. ¶¶3-7. Mr. Gomez established an intraosseous ("IO") fluid line via Mr. Davis's leg. [UF20-21]. Mr. Gomez avers that an IO line is an approved approach to establishing a fluid line, especially when the situation is emergent and fast-acting fluids or medication can be lifesaving. Gomez Decl. ¶¶12-17. It is BOP procedure to attempt to place an IV before an IO, when possible. *Id.* at ¶18. Mr. Gomez states that he always complies with BOP policy and would only establish an IO line when medically indicated. *Id.* at ¶20.

Once Plaintiff had been stabilized, EMTs arrived at USP Victorville. [UF22]. It is BOP policy to call EMTs to site when an inmate suffers a seizure or falls unconscious. Gomez Decl. ¶24. EMTs and BOP staff took Plaintiff off-site for further treatment and evaluation. [UF22-23]. Plaintiff admitted at deposition that physicians at Desert Valley

3

1  Hospital treated him for his seizures and not for any injuries from the alleged battery in
2  the SHU shower. Hari Decl. Ex. 1 at 35:2-11; 41:4-14. Plaintiff cannot recall any injuries
3  as a result of the assault, other than unspecific statements of "bruises or contusions." *Id.*
4  at 33:8-24; . Plaintiff acknowledges he did not have any wounds as a result of the alleged
5  assault. *Id.*

### III. LEGAL STANDARD

Rule 56(a) says that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, documents, and declarations which demonstrate the absence of a triable issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

In determining whether a triable issue of material fact exists, the evidence must be considered in the light most favorable to the non-moving party. *Barlow v. Ground*, 943 F.2d 1132, 1134 (9th Cir. 1991). However, summary judgment cannot be avoided by relying solely on conclusory allegations unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). More than a "metaphysical" doubt is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (citing *First Nat'l Bank of Arizona v. Cities Servs. Co.*, 391 U.S. 253 (1968)). "The mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient to survive summary judgment; "there must be evidence on which the [fact finder] could reasonable find for the plaintiff." *Wallace v. Garibay*, 2018 WL 6204583, at *4 (C.D. Cal. Sept. 14, 2018).

In a case involving the alleged acts or omissions of health care providers, "when a

defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence." *Hanson v. Grode*, 76 Cal. App. 4th 601, 606-07 (1999) (citing *Munro v. Regents of Univ. of Calif.*, 215 Cal. App. 3d 977, 984-85 (1989) (internal citations and quotations omitted)).

## IV.   ARGUMENT

### A.   Plaintiff Cannot Prevail Because He Offers Only Conclusory Allegations of Assault and Battery.

When liberally construed, Plaintiff's Complaint alleges that Officer Jacob Martini and other BOP staff assaulted and battered him while he was in BOP custody. Compl. at 3-4. Under California law, in order to prevail on the tort of assault, Plaintiff must establish: (i) the defendant threatened to touch plaintiff in a harmful or offensive manner; (ii) it reasonably appeared to plaintiff that the defendant was about to carry out the threat; (iii) plaintiff did not consent to the defendant's conduct; (iv) plaintiff was harmed; and (v) the defendant's conduct was a substantial factor in causing plaintiff's harm. *Rodriguez v. United States*, 2021 WL 75239, at *4 (E.D. Cal. Jan. 8, 2021).

The essential elements of a battery claim under California law are: (i) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (ii) plaintiff did not consent to the touching; (iii) plaintiff was harmed or offended by defendant's conduct; and (iv) a reasonable person in plaintiff's position would have been offended by the touching. *Wallace v. United States*, 2019 WL 3326027, at *8 (C.D. Cal. May 6, 2019).

No triable issue of fact exists on either alleged tort. Plaintiff alleges that he was assaulted in the SHU showers by BOP staff. BOP staff deny these allegations. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Wallace v. United States*, 2018 WL 6204583, at *7 (C.D. Cal. Sept. 14, 2018). Such is the case here.

Plaintiff's version of events alleged at his deposition and in his Complaint is contradicted both by his own statements to BOP medical staff and by his claims at the administrative level.

Today, Plaintiff alleges he lost consciousness as a result of the alleged assault. But in 2020, when speaking to medical staff, he acknowledged that his 2019 seizure was a result of a head injury (consistent with his acknowledgement that he beat his head against the walls and Officer Martini's statements that Plaintiff was beating his head on the door on the day in question). Today, Plaintiff alleges that he was pepper sprayed while in the suicide watch cell. But in his administrative claim, Plaintiff alleged he was being escorted to medical when he was sprayed. And today, Plaintiff alleges BOP staff took him to the SHU showers to assault him because one officer stated it was a camera "blind spot." Compl. at 2. But in his administrative claim, Plaintiff alleged BOP staff actually took down the cameras before the alleged assault. Today, Plaintiff cannot recall even the date (or month) of the alleged assault.

Officer Martini's recollection of events has remained consistent from September 27, 2019, through today. Following Plaintiff's attempt to take his own life, Plaintiff was placed on suicide watch when he began further attempts to self-harm by banging his head against the wall. Plaintiff was pepper sprayed for his own safety, in an effort to try to stop the banging of his head on the wall, and was immediately escorted to the showers for decontamination. Plaintiff then suffered a seizure, prompting his transfer to medical for emergency care.

Further, Plaintiff can point to no injuries he sustained as a result of the alleged assault. "If Plaintiff had been attacked and 'seriously hurt' in the manner he claims, it would certainly be reasonable to expect Plaintiff to have sustained some visible injury and/or have some medical complaints arising from the alleged attack." *Garibay*, 2018 WL at *7. Plaintiff acknowledged at his deposition that even when he was taken to Desert Valley Hospital, he was evaluated and treated only for his seizure and not for any alleged injuries from the assault. Hari Decl. Ex. 1 at 41:4-14. Plaintiff further testified that the

only visible injury Desert Valley staff acknowledged was a black eye that Plaintiff admits was from banging his head against the wall of his cell. *Id.*

Plaintiff's recounting of his alleged assault has been inconsistent and is supported solely by his own conclusory allegations. His Complaint is contradicted by his own prior statements and by his lack of injuries. Plaintiff cannot carry his burden of proof and summary judgment should be granted on his claims of assault and battery.

**B.     Plaintiff Cannot Prevail Because He Has Not Disclosed a Medical Expert Who Opines That the United States Breached the Standard of Care or Caused His Injury.**

1.     <u>Failure to Meet Burden on Breach.</u>

To state a claim under California law regarding the acts or omissions of a health care provider, Plaintiff must establish: (i) the duty of the health care provider to use such skill, prudence, and diligence as other members of their profession commonly possess and exercise; (ii) that the health care provider breached that duty; (iii) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the health care provider's negligence. *See, e.g.*, *Hanson*, 76 Cal. App. 4th at 606; *Gami v. Mullikin Med. Ctr.*, 18 Cal. App. 4th 870, 877 (Cal. Ct. App. 1993).

The duty, or standard of care, requires that a health care provider exercise the "reasonable degree of skill, knowledge, and care ordinarily possessed and exercised by members of their profession under similar circumstances." *Alef v. Alta Bates Hosp.*, 5 Cal. App. 4th 208, 215 (Cal. Ct. App. 1992). Standard of care "is the key issue" and "*can only be proved* by expert testimony, unless the circumstances are such that the required conduct is within the layperson's common knowledge." *Lattimore v. Dickey*, 239 Cal. App. 4th 959, 968 (Cal. Ct. App. 2015) (emphasis added); *see also Alef*, 5 Cal. App. 4th at 215 (finding that the standard of care of a medical provider is "a matter peculiarly within the knowledge of experts . . . and can only be proved by their testimony, unless the conduct required by the particular circumstances is within the common knowledge of laymen.").

The burden of proving the applicable standard of care and breach thereof rests with the plaintiff. *Carmichael v. Reitz*, 17 Cal. App. 3d 958, 976 (Cal. Ct. App. 1971). Without an expert opinion identifying a breach in the standard of care, a plaintiff cannot establish a *prima facie* case. *See Hanson*, 76 Cal. App. 4th at 606-07 (citing *Munro v. Regents of Univ. of California*, 215 Cal. App. 3d 977, 984-85 (Cal. Ct. App. 1989)).

Here, Plaintiff alleges that BOP health care providers, specifically Mr. Gomez, drilled a hole in his leg for no medically indicated reason. Plaintiff's claims cannot survive summary judgment because he has not disclosed a medical expert who states there was a breach of the standard of care. Plaintiff cannot prove that establishing an IO fluid line, a recognized medical procedure, was not medically indicated following his seizure and loss of consciousness. Accordingly, Plaintiff has not met his burden of proof, and the United States is entitled to summary judgment.

### 2. Failure to meet Burden on Causation.

In order to prevail on a claim regarding the acts or omissions of a health care provider, a plaintiff must show that the provider breached the standard of care *and* that such breach was the cause of injury to the plaintiff. "Causation in actions arising from medical negligence must be proven within a reasonable medical probability based on competent expert testimony, *i.e.*, something more than a '50-50 possibility.'" *Belfiore-Braman v. Rotenberg*, 25 Cal. App. 5th 234, 247 (Cal. Ct. App. 2018) (quoting *Bromme v. Pavitt*, 5 Cal. App. 4th 1487, 1504 (Cal. Ct. App. 1992)) (internal quotation marks omitted); *see also Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 402-03 (Cal. Ct. App. 1985). "[M]edical causation can only be determined by expert medical testimony." *Salasguevara v. Wyeth Lab'ys, Inc.*, 222 Cal. App. 3d 379, 385 (Cal. Ct. App. 1990). A plaintiff must present sufficient evidence to permit the fact finder "to infer that in the absence of the defendant's negligence, there was a reasonable medical probability the plaintiff would have obtained a better result." *Alef*, 5 Cal. App. 4th at 216.

As with breach, Plaintiff has not disclosed a medical expert who can opine that (1) he even suffered injury as a result of Mr. Gomez's actions, and (2) those injuries were

caused by a breach of the standard of care. It is Plaintiff's burden to prove causation, and "a mere possibility of causation is not enough." *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205-06 (2001). A plaintiff fails to carry that burden "when the matter [of causation] remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced." *Id.* As Plaintiff has failed to provide any expert testimony as to causation, Plaintiff has failed to present a triable issue of fact to survive summary judgment.

## V.  CONCLUSION

For the foregoing reasons, Defendant United States respectfully requests that the Court grant summary judgment in its favor.

Dated: August 16, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

　/s/*Rahul R.A. Hari*
RAHUL R.A. HARI
Assistant United States Attorney

Attorneys for Defendant
United States of America