1  E. MARTIN ESTRADA
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, Complex and Defensive Litigation Section
5  RAHUL R.A. HARI (Cal. Bar No. 313528)
   Assistant United States Attorney
6        Federal Building, Suite 7516
         300 North Los Angeles Street
7        Los Angeles, California 90012
         Telephone: (213) 894-2420
8        E-mail: Rahul.Hari@usdoj.gov

9  Attorneys for Defendant
   United States of America

10

11

12                UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                      EASTERN DIVISION

15 | RAYNARD DAVIS,                  | No. 5:21-cv-01475-CAS-SK
16 |          Plaintiffs,            | **DEFENDANT' [PROPOSED] SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**
17 |       v.                        |
18 | UNITED STATES OF AMERICA,       | [No Hearing Requested – Plaintiff is *pro se* and in custody]
19 |          Defendant.             |
20 |                                 | Honorable Steve Kim
                                       United States Magistrate Judge
21

22

23

24

25

26

27

28

Defendant United States' Motion for Summary Judgment has been taken under submission without hearing. Having considered the parties' filings, evidence presented, memoranda of points and authorities, and arguments of the parties, the Court determines the following facts to be uncontroverted and makes the following conclusions of law:

## UNCONTROVERTED FACTS ("UF")

| NO. | UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Plaintiff is currently incarcerated at the United States Penitentiary ("USP") in Beaumont, Texas. | Prieto Decl. ¶4b (Dkt. No 46-1). |
| 2. | Plaintiff is projected to be released from United States custody on January 16, 2027, via Good Conduct Time release. | Prieto Decl. ¶4c. |
| 3. | Plaintiff was incarcerated at USP Victorville from April 5, 2019 to November 12, 2020. | Prieto Decl. ¶5. |
| 4. | Plaintiff was incarcerated in the Special Housing Unit ("SHU") at USP Victorville from April 5, 2019 to November 12, 2020. | Martini Decl. ¶12. |
| 5. | Plaintiff was placed on suicide watch on September 27, 2019. | Martini Decl. ¶16. |
| 6. | Plaintiff was escorted to the suicide watch cell by BOP staff, including Correctional Officer Jacob Martini. | Martini Decl. ¶17. |
| 7. | Plaintiff had in the past repeatedly banged his head against his cell wall and bars. | Martini Decl. ¶14; Hari Decl. Ex. 1 at 20:25-21:20. |
| 8. | Upon being placed in the suicide watch cell, Plaintiff began banging his head against the door. | Martini Decl. ¶18. |
| 9. | BOP staff asked Plaintiff to stop banging his head against the wall. | Martini Decl. ¶19. |

| | | | |
|---|---|---|---|
| 1<br>2 | 10. | Plaintiff refused to comply with BOP's requests. | Compl. at 2; Martini Decl. ¶¶19-20. |
| 3<br>4 | 11. | BOP staff pepper sprayed Plaintiff. | Compl. at 2; Martini Decl. ¶20. |
| 5 | 12. | BOP staff then immediately escorted Plaintiff to the showers for decontamination. | Martini Decl. ¶¶21-22. |
| 6<br>7 | 13. | Plaintiff has a history of seizures. | Hari Decl. Ex. 1 at 13:1-17; 13:25-14:17. |
| 8<br>9 | 14. | Plaintiff has suffered seizures since childhood. | Hari Decl. Ex. 1 at 13:1-17. |
| 10<br>11 | 15. | Plaintiff has been diagnosed with epilepsy/seizure disorder. | Hari Decl. Ex. 3 at 3. |
| 12<br>13 | 16. | While in the showers, Plaintiff suffered a seizure. | Hari Decl. Ex. 1 at 33:8-24; Martini Decl. ¶23. |
| 14<br>15 | 17. | As a result of the seizure, Plaintiff lost consciousness. | Hari Decl. Ex. 1 at 33:8-24; Martini Decl. ¶23. |
| 16<br>17 | 18. | Plaintiff was taken to the medical unit for emergency care. | Martini Decl. ¶24. |
| 18<br>19 | 19. | Plaintiff was treated in the medical unit by Health Technician/Paramedic Isaac Gomez. | Hari Decl. Ex. 1 at 26:8-15; Compl. at 2. |
| 20<br>21 | 20. | Mr. Gomez used a handheld medical device to establish a fluid line in Plaintiff's leg. | Gomez Decl. ¶14; Hari Decl. Ex. 1 at 29:12-20. |
| 22<br>23 | 21. | This procedure is known as intraosseous ("IO") fluid administration. | Gomez Decl. ¶¶12-15. |
| 24<br>25<br>26 | 22. | Once Plaintiff stabilized, EMTs transferred Plaintiff to Desert Valley Hospital for further treatment and evaluation. | Gomez Decl. ¶24; Martini Decl. ¶27; Hari Decl. Ex. 1 at 29:21-24. |
| 27<br>28 | 23. | While at Desert Valley Hospital, Plaintiff was treated only with regard to his seizure. | Hari Decl. Ex. 1 at 35:2-11; 41:4-14. |

# CONCLUSIONS OF LAW

1. Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A nonmoving party must adduce evidence "sufficient to support a verdict in [his] favor on every element of [his] claim for which [he] will carry the burden of proof," in order to defeat a summary judgment motion. *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1113 (9th Cir. 1989).

2. To state a claim of assault under California law, Plaintiff must establish: (i) the defendant threatened to touch plaintiff in a harmful or offensive manner; (ii) it reasonably appeared to plaintiff that the defendant was about to carry out the threat; (iii) plaintiff did not consent to the defendant's conduct; (iv) plaintiff was harmed; and (v) the defendant's conduct was a substantial factor in causing plaintiff's harm. *Rodriguez v. United States*, 2021 WL 75239, at *4 (E.D. Cal. Jan. 8, 2021).

3. To state a claim of battery under California law, Plaintiff must establish: (i) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (ii) plaintiff did not consent to the touching; (iii) plaintiff was harmed or offended by defendant's conduct; and (iv) a reasonable person in plaintiff's position would have been offended by the touching. *Wallace v. United States*, 2019 WL 3326027, at *8 (C.D. Cal. May 6, 2019).

4. Summary judgment cannot be avoided by relying solely on conclusory allegations unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

5. A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (citing *First Nat'l Bank of Arizona v. Cities Servs. Co.*, 391 U.S. 253 (1968)).

6. Plaintiff has provided only conclusory allegations that he was the victim of assault and battery by BOP staff and, thus, has failed to meet his burden of proof, and the

1 United States is entitled to summary judgment on Plaintiff's assault and battery claims.

2     7.    To state a claim under California law regarding the acts or omissions of a health care provider, Plaintiff must establish: (i) the duty of the health care provider to use such skill, prudence, and diligence as other members of their profession commonly possess and exercise; (ii) that the health care provider breached that duty; (iii) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the health care provider's negligence. *See, e.g.*, *Hanson*, 76 Cal. App. 4th at 606; *Gami v. Mullikin Med. Ctr.*, 18 Cal. App. 4th 870, 877 (Cal. Ct. App. 1993).

    8.    The duty, or standard of care, requires that a health care provider exercise the "reasonable degree of skill, knowledge, and care ordinarily possessed and exercised by members of their profession under similar circumstances." *Alef v. Alta Bates Hosp.*, 5 Cal. App. 4th 208, 215 (Cal. Ct. App. 1992). Standard of care "is the key issue" and "*can only be proved* by expert testimony, unless the circumstances are such that the required conduct is within the layperson's common knowledge." *Lattimore v. Dickey*, 239 Cal. App. 4th 959, 968 (Cal. Ct. App. 2015) (emphasis added); *see also Alef*, 5 Cal. App. 4th at 215 (finding that the standard of care of a medical provider is "a matter peculiarly within the knowledge of experts . . . and can only be proved by their testimony, unless the conduct required by the particular circumstances is within the common knowledge of laymen.").

    9.    The burden of proving the applicable standard of care and breach thereof rests with the plaintiff. *Carmichael v. Reitz*, 17 Cal. App. 3d 958, 976 (Cal. Ct. App. 1971). Without an expert opinion identifying a breach in the standard of care, a plaintiff cannot establish a *prima facie* case. *See Hanson*, 76 Cal. App. 4th at 606-07 (citing *Munro v. Regents of Univ. of California*, 215 Cal. App. 3d 977, 984-85 (Cal. Ct. App. 1989)).

    10.    In order to prevail on a claim regarding the acts or omissions of a health care provider, a plaintiff must show that the provider breached the standard of care *and* that such breach was the cause of injury to the plaintiff. "Causation in actions arising from

medical negligence must be proven within a reasonable medical probability based on competent expert testimony, i.e., something more than a '50-50 possibility.'" *Belfiore-Braman v. Rotenberg*, 25 Cal. App. 5th 234, 247 (Cal. Ct. App. 2018) (quoting *Bromme v. Pavitt*, 5 Cal. App. 4th 1487, 1504 (Cal. Ct. App. 1992)) (internal quotation marks omitted); *see also Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 402-03 (Cal. Ct. App. 1985). "[M]edical causation can only be determined by expert medical testimony." *Salasguevara v. Wyeth Lab'ys, Inc.*, 222 Cal. App. 3d 379, 385 (Cal. Ct. App. 1990). A plaintiff must present sufficient evidence to permit the fact finder "to infer that in the absence of the defendant's negligence, there was a reasonable medical probability the plaintiff would have obtained a better result." *Alef*, 5 Cal. App. 4th at 216.

11. Because Plaintiff has not presented expert testimony to establish breach of the standard of care or causation, he has failed to meet his burden of proof, and the United States is entitled to summary judgment on Plaintiff's medical malpractice claim.

12. Any Conclusion of Law which is deemed an Undisputed Fact shall be considered an Undisputed Fact.

13. Any Undisputed Fact which is deemed a Conclusion of Law shall be considered a Conclusion of Law.

IT IS SO RECOMMENDED.

DATED: _____

HONORABLE STEVE KIM
UNITED STATES MAGISTRATE JUDGE