UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:21-CV-1475-CAS (SK) | Date | September 27, 2023 |
|---|---|---|---|
| Title | Raynard Davis v. United States of America | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

  On August 16, 2023, Defendant moved for summary judgment. (ECF 64). Plaintiff's opposition to that motion was due by September 15, 2023. (ECF 65). Yet as of the date of this order, Plaintiff has not opposed Defendant's motion. And the Court's orders regarding summary judgment briefing sent to Plaintiff's last known address of record have recently been returned as undeliverable. (ECF 67, 68). Pro se litigants are required to keep the Court and opposing parties apprised of their current address. *See* L.R. 41-6. The Court's case management order also informed Plaintiff that failure to do so could lead to involuntary dismissal of this action for lack of prosecution. (ECF 15 at 3).

  Plaintiff is therefore ordered to show cause why this action should not be dismissed for lack of prosecution and failure to comply with the Court's orders and Local Rules. Plaintiff may discharge this order by filing a notice of voluntary dismissal (using the attached form CV-09x) or his opposition to Defendant's summary judgment motion by no later than **October 18, 2023**. To that end, Defendant is ordered to re-serve its summary judgment motion at Plaintiff's most recent address of record according to the BOP Inmate Locator and to file proof of that service by no later than **October 2, 2023.**

  If Plaintiff files no notice of voluntary dismissal, no timely opposition to the summary judgment motion, or no other timely response to this order by October 18, 2023, this entire action may be involuntarily dismissed for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1, 41-6.

  IT IS SO ORDERED.