UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  5:21-cv-01475-CAS (SK) | Date: September 10, 2024 |
| Title  Raynard Davis v. United States of America | |

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff, a federal prisoner proceeding pro se, sues the United States under the Federal Tort Claims Act (FTCA) for alleged assault and battery by BOP officers and medical malpractice by a BOP paramedic. (ECF 1). Defendant moved for summary judgment arguing that plaintiff has adduced insufficient evidence to create a genuine dispute of material fact on his FTCA claims, entitling the United States to judgment as a matter of law. (ECF 64 at 7–11). Plaintiff opposed summary judgment based on his competing version of events as stated in his verified complaint (ECF 1), facts in his deposition (ECF 64-3), and three medical reports (ECF 71 at 5–15).

Afterward, in February 2024, the court deferred the summary judgment motion, granted plaintiff's requests for appointment of counsel, and referred the case to the Civil Attorney Pro Bono Panel to identify counsel willing to accept appointment. (ECF 75). But despite more than six months of effort, the Pro Bono Panel has been unable to locate counsel willing to accept appointment as plaintiff's counsel. Meanwhile, on August 12, 2024, the Court's February 2024 order was returned as undeliverable at plaintiff's address of record. (ECF 76).

Under Local Rule 41-6, if any "mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable," plaintiff must notify the court (and opposing counsel) of his change of address within 14 days of when the undeliverable mail was first sent out by the Clerk. L.R. 41-6. Failure to so notify the court and opposing counsel can lead to dismissal of the entire action "with or without prejudice for failure to prosecute." *Id.* In fact, plaintiff was instructed about this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:21-cv-01475-CAS (SK)                                    Date: September 10, 2024

Title      Raynard Davis v. United States of America

obligation and warned before that failure to comply with this rule could lead to involuntary dismissal with no further notice. (ECF 40 at 6). There is no evidence in the docket that plaintiff did not receive that order, so he is presumed to have received that notice and warning.

For all these reasons, plaintiff is ORDERED TO SHOW CAUSE in writing within 14 days of this order why this action should not be involuntarily dismissed under Local Rule 41-6 for lack of prosecution. Alternatively, if plaintiff does not intend to prosecute this action, he may file a notice of voluntary dismissal using the attached CV-9 form. Plaintiff is cautioned, however, that failure to file a notice of voluntary dismissal, a notice of change of address, or any written response to this order on time may independently lead to involuntary dismissal of this action with no further notice for failure to obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.